UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **ROADWAY RETAIL LLC,** ) | |
| ) | |
| Plaintiff, ) | Case No. 25-cv-494-AM |
| ) | |
| v. ) | Judge: Chief Judge Alia Moses |
| ) | |
| **The Partnerships and** ) | |
| **Unincorporated Associations** ) | |
| **Identified on Schedule A**, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

Before the Court is the Motion for Preliminary Injunction, (Dkt. 15) of plaintiff Roadway Retail LLC ("Plaintiff") After reviewing the motion and the relevant law, the Court finds that the Motion for Preliminary Injunction should be granted as follows. This Order does not apply to any Defendant that has been dismissed from this case.

**I. BACKGROUND**

On October 22, 2025, Plaintiff filed a verified Complaint alleging that Defendants infringed upon Plaintiff's U.S. Patent No. 9,198,261 ("the '261 Patent") by selling unauthorized and unlicensed illuminating mirrors configured to be mounted to car visors (the "Infringing Products") through commercial internet stores operating under various online marketplace accounts. (Compl., Dkt. 1).

On October 30, 2025, the Court entered a Temporary Restraining Order (Dkt. 8) freezing Defendants' assets held by third parties and enjoining Defendants from making, offering for sale, selling, or importing their products into the United States.

On November 7, 2025, Plaintiff filed a Motion for Preliminary Injunction, (Dkt. 15), as well as a proposed preliminary injunction Order, (Dkt. 15-1) and a Certificate of Service (Dkt. 15-2). Plaintiff's motion requests that the Court maintain the asset freeze from the TRO and enjoin Defendants from making, offering for sale, selling, or importing their products into the United States as set forth in the TRO.

The Court finds that Plaintiff has provided notice to Defendants in accordance with the Court's Order (Dkt. 8) and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, at this point in the litigation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including the Western District of Texas. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Texas residents by setting up and operating ecommerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Texas, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold the products shown in Schedule A to the verified Complaint (Dkt. 1) to residents of Texas.

## II. LEGAL STANDARD

Motions for preliminary injunctions are evaluated under the same standard as temporary restraining orders. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). A party moving for a preliminary injunction must establish that: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [TRO] will not disserve the public interest." *Id.*; *see also,*

*Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

### III. DISCUSSION

First, to establish a likelihood of success on the merits of its patent infringement claim, Plaintiff "must show that it will likely prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). A defendant is liable for patent infringement if it, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor[.]" 35 U.S.C. § 271(a). "A determination of infringement is a two-step process. The court must (1) construe the asserted claims and then (2) compare the properly construed claims to the allegedly infringing devices." *Pause Tech. LLC v. TiVo Inc.*, 419 F.3d 1326, 1335 (Fed. Cir. 2005) (citations omitted). In comparing utility patent claims to an accused product, a patent owner must prove that "the accused device contains each limitation of the asserted claim, or an equivalent of each limitation." *Bowers v. Baystate Techs. Inc.*, 320 F.3d 1317, 1334 (Fed. Cir. 2003) (citations omitted).

Plaintiff has shown a substantial likelihood that it will prevail on the merits. Using the ordinary meaning of the patent terms, Plaintiff has shown that Defendants have sold the illuminating mirrors configured to be mounted to car visors identified in Schedule A to the verified Complaint, (Dkt. 1), which infringe the '261 Patent. More specifically, Plaintiff has provided 230 pages of claim charts at Schedule A-1 to the verified Complaint, (Dkt. 1), that show the infringement and has shown each Defendant offering to sell its Infringing Products into Texas at Schedule A-2 to the verified Complaint, (Dkt. 1). Plaintiff also alleges it has not

3

licensed or authorized Defendants to use the '261 Patent, and none of the Defendants are authorized retailers of licensed products. (Dkt. 1, at ¶¶ 2-3).

Second, Plaintiff has shown that there is a substantial threat that irreparable harm will result if the injunction is not granted. Defendants' continued and unauthorized manufacture, use, selling, and/or offering to sell the infringing products irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Additionally, courts have recognized that irreparable harm exists when the defendant infringing on the patent is not likely to pay damages. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (citing *Canon, Inc. v. GCC Int'l Ltd.*, 263 F. Appx. 57, 62 (Fed. Cir. Jan. 25, 208)); *Tinnus Enters., LLC*, 2016 U.S. Dist. LEXIS 181095, at *10 (citations omitted). Due to the Defendants' alleged description as foreign business entities that strategically evade discovery and legal culpability, the Court agrees that Plaintiff is unlikely to recoup damages from the Defendants named in this case.

Third, the threatened injury outweighs the threatened harm to Defendants. In patent cases, this Court has applied the standard that "the magnitude of the threatened injury to the patent owner is weighed, in light of the strength of the showing of likelihood of success on the merits, against the injury to the accused infringer if the preliminary decision is in error." *Tinnus Enters., LLC*, 2016 U.S. Dist. LEXIS 181095, at *11 (citing *H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed. Cir. 1987). Here, Plaintiff has made a strong showing that it will likely be successful on the merits. Defendants, by contrast, are a swarm of foreign e-

4

commerce retailers who have no investment whatsoever in the intellectual property at issue in this case and stand to lose very little should their restraint be found to have been made in error.

And finally, granting the preliminary injunction will not disserve the public interest. The public interest favors the maintenance of a well-functioning patent system. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 203 (2014). The Federal Circuit has "long acknowledged the importance of the patent system in encouraging innovation." *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006). "[E]ncouragement of investment-based risk is the fundamental purpose of the patent grant, and is based directly on the right to exclude." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 599 (Fed. Cir. 1985).

Enforcement of the '261 Patent clearly aligns with the purposes of the patent system as recognized by the Federal Circuit and the Supreme Court. In contrast, Defendants' Infringing Products only serve to harm the public by flooding the market with a deluge of counterfeit products. As such, the public interest factor tips decidedly in favor of granting Plaintiff's Motion for Preliminary Injunction.

Accordingly, the Court will grant Plaintiff's requested relief freezing Defendants' assets held by third parties and enjoining Defendants from making, offering for sale, selling, or importing their products into the United States.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motion for a preliminary injunction, (Dkt. 15), is **GRANTED**. Specifically, the Court orders:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. making, using, selling, offering to sell, or importing into the United States the Infringing Products listed in Schedule A, (Dkt. 1);[1]

    b. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under a license of the '261 Patent; and

    c. shipping, delivering, transferring, or otherwise moving, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products listed in Schedule A, (Dkt. 1).

2. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any Defendant's Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), TEMU.com ("TEMU"), Shein.com ("Shein"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Walmart, Inc. ("Walmart"), Target Corp. ("Target") and other websites (collectively, the "Third Party Providers"), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products listed in Schedule A, (Dkt. 1).

3. Defendants shall be temporarily restrained and enjoined from transferring or disposing of any money held by a Third Party Provider until further ordered by this Court.

---

[1] Schedule A is reproduced below with Defendant 37 (which has been dismissed) removed.

4. Any Third Party Providers, including PayPal, eBay, TEMU, Shein, Alipay, Alibaba, Ant Financial, Walmart, Target, and Amazon Pay, shall, within ten (10) business days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the Infringing Products or any other information listed in Schedule A, (Dkt. 1), or any email addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money until further ordered by this Court.

5. The $10,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

6. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Western District of Texas Local Rules. Any third party impacted by this Order may move for appropriate relief.

SO ORDERED:

_____
Alia Moses
United States District Judge

Dated: _____, 2025

## Schedule A

| # | Platform | Merchant Name | Merchant ID | Product ID |
|---|---|---|---|---|
| 1 | Amazon | SodaRide | A1F2VX6M0X5UAV | B0B3RD8H3D |
| 2 | Amazon | Feisate | A3JMQ4DKOMAHOA | B0B3TXZHBQ |
| 2 | Amazon | Feisate | A3JMQ4DKOMAHOA | B0C16YR5LJ |
| 2 | Amazon | Feisate | A3JMQ4DKOMAHOA | B0C392SW5F |
| 2 | Amazon | Feisate | A3JMQ4DKOMAHOA | B0D2F4X6RL |
| 2 | Amazon | Feisate | A3JMQ4DKOMAHOA | B0DZP5BXR6 |
| 3 | Amazon | Wanmikechuang-USSeller | A2KB2NXX6SV8SZ | B0BWJBKP88 |
| 4 | Amazon | youshengus | A11LDDBPJ23DNK | B0BWJBKP88 |
| 5 | Amazon | Vrasly | A2K6R3ZVEBVWOQ | B0C5HDKLN5 |
| 5 | Amazon | Vrasly | A2K6R3ZVEBVWOQ | B0CNW4NDFH |
| 6 | Amazon | â˜†Buy meâ˜† | A11M3O2XP10R6W | B0CFFX5MFH |
| 7 | Amazon | circulads | A2579NZGS4DOUM | B0CFGW9RL9 |
| 7 | Amazon | circulads | A2579NZGS4DOUM | B0CFGXLFTM |
| 8 | Amazon | Huicocy | ALRIBWU0WXUT6 | B0CJTWZNRZ |
| 8 | Amazon | Huicocy | ALRIBWU0WXUT6 | B0CJTXMTQ7 |
| 9 | Amazon | xiangzhouwang | A2DYOIBP8D1R6H | B0CNH25154 |
| 10 | Amazon | åŽ¦é—¨äº'æµ¦æ™ºæ‰¬ | A1QBKCW35QSWXB | B0CNVW4G5M |
| 10 | Amazon | åŽ¦é—¨äº'æµ¦æ™ºæ‰¬ | A1QBKCW35QSWXB | B0CNVXN7ZS |
| 11 | Amazon | OUGETHER | AMLORAL61C5WH | B0CP3KF9GW |
| 11 | Amazon | OUGETHER | AMLORAL61C5WH | B0CP3LHQG5 |
| 12 | Amazon | PERFACE | ATMS9HUSGBG1J | B0CQG5DZG5 |

| | | | | |
|---|---|---|---|---|
| 12 | Amazon | PERFACE | ATMS9HUSGBG1J | B0CQG554BC |
| 13 | Amazon | BALUME | A14KOM5BHV6FZR | B0CQXG5ZSG |
| 14 | Amazon | Suvnie | A377LJFN5FNPVT | B0CRHGRGHK |
| 14 | Amazon | Suvnie | A377LJFN5FNPVT | B0CRHJ17HV |
| 15 | Amazon | HuangGuiquanUS | A3SQ1VOP31AGTO | B0CXP1G533 |
| 16 | Amazon | ZJNUO Direct | A2OE8S7HA074XA | B0CYZGBX3V |
| 16 | Amazon | ZJNUO Direct | A2OE8S7HA074XA | B0CYZJHCP8 |
| 16 | Amazon | ZJNUO Direct | A2OE8S7HA074XA | B0DJVFGN2Q |
| 17 | Amazon | Richardsonrr | A1T1P6SFGY8FAM | B0CZKF177G |
| 18 | Amazon | slowfeed | A2400TTBGO66JS | B0D3Q8VWPX |
| 19 | Amazon | guozhentian | A5B47XQ8IQPBS | B0D3TDDXJG |
| 20 | Amazon | MandarkTech | ALKURT6X6LAC3 | B0D3ZX7WV6 |
| 20 | Amazon | MandarkTech | ALKURT6X6LAC3 | B0D3ZY8ZL3 |
| 21 | Amazon | bilamkes | A1FX8UPLFGM1UM | B0D5BKYX6L |
| 22 | Amazon | SmileLED | A1L5TAXNQUNJOJ | B0D5Y3GKSY |
| 23 | Amazon | NEYEUCI | A1MXK834WCZAM2 | B0D6QK3Q6N |
| 23 | Amazon | NEYEUCI | A1MXK834WCZAM2 | B0D6QPLZV5 |
| 23 | Amazon | NEYEUCI | A1MXK834WCZAM2 | B0D6R27YWN |
| 23 | Amazon | NEYEUCI | A1MXK834WCZAM2 | B0D6R596H1 |
| 24 | Amazon | Auto Parts-SY | A2UZHBMJGS6QFO | B0D7PV2Y2S |
| 24 | Amazon | Auto Parts-SY | A2UZHBMJGS6QFO | B0D7PVNL9Y |
| 24 | Amazon | Auto Parts-SY | A2UZHBMJGS6QFO | B0F65P9CQ8 |
| 25 | Amazon | ANNJET-US | A2Y3CDWPU9O14D | B0D9Y4W6TH |
| 26 | Amazon | Dottsiu | AA0U6H7P41BEU | B0D63D4R9F |
| 27 | Amazon | swingooldkoin | A2YEJCHXOJOMBE | B0D73B449M |
| 28 | Amazon | WenFaNSeller | A3AVRUPY45J3JZ | B0D73B449M |
| 29 | Amazon | GZLZHUANYING | A3K898FW0380WC | B0D73B449M |

| 29 | Amazon | GZLZHUANYING | A3K898FW0380WC | B0DCG94771 |
|---|---|---|---|---|
| 30 | Amazon | jinmeirr618 | A20OY4GXTCPOTM | B0D73B449M |
| 30 | Amazon | jinmeirr618 | A20OY4GXTCPOTM | B0DCG94771 |
| 31 | Amazon | Silver Power Information | A2QCM0MB2U57RS | B0D91ZG1FX |
| 32 | Amazon | GlamNest Direct | A37HA38AJQVXD2 | B0D636F6F2 |
| 32 | Amazon | GlamNest Direct | A37HA38AJQVXD2 | B0D637KZSY |
| 33 | Amazon | Highendhomeuse | A27ZLQP95ET6BX | B0D3278TRX |
| 34 | Amazon | Jing Hong Department Store | A25CH7FX9122NG | B0DC4JTBRM |
| 34 | Amazon | Jing Hong Department Store | A25CH7FX9122NG | B0DGLM7XVH |
| 35 | Amazon | zonjen | A1FBCRT3RF8T1U | B0DCJKS8VJ |
| 36 | Amazon | wiqene | A26IJQMVTAN832 | B0DDY55YJ3 |
| 38 | Amazon | xinlykid store | A1NBGHC931TI8I | B08HS2X81V |
| 38 | Amazon | xinlykid store | A1NBGHC931TI8I | B08HS3VZDT |
| 39 | Amazon | Manbala | A1STLWLPU3MRR1 | B09H2DVJVT |
| 39 | Amazon | Manbala | A1STLWLPU3MRR1 | B09PBT1SN6 |
| 40 | Amazon | Xtryfun Direct | A39RZWMWZMOZRK | B09NR6BT96 |
| 40 | Amazon | Xtryfun Direct | A39RZWMWZMOZRK | B09NR6V2QD |
| 41 | Amazon | pretty -angel | A170H7VYXZYW0M | B091FFZTJM |
| 41 | Amazon | pretty -angel | A170H7VYXZYW0M | B091FH5638 |
| 42 | Amazon | Vanexiss-USSeller | A1L4QUESVZZB0Q | B091XXKZJB |
| 43 | Amazon | vannisi | A36BOZL7S46PI3 | B091XXKZJB |
| 44 | Amazon | LiPang | A1MLXHDT41R7JA | B097T73CL4 |
| 45 | Amazon | keebapoo | A2MZD59OULMPMQ | B099KDVXRQ |
| 46 | Amazon | ANKIA | A29B4SA2YY0IQL | B09JGFPY5S |