IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED

MAR 2 4 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| **ROADWAY RETAIL LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. WA-25-CV-494-AM** |
| | § | |
| **The Partnerships and Unincorporated** | § | |
| **Associations Identified on Schedule A,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

The Court previously granted a Temporary Restraining Order in this matter and held a hearing for a Preliminary Injunction Order on November 25, 2025, which was ultimately granted by this Court. (ECF Nos. 8, 43.) Presently before the Court is the Defendants' Expedited Motion to Preserve Inventory and Plaintiff's Opposition to Defendant's Motion to Preserve Inventories. (ECF Nos. 77, 80.) Having considered the parties' arguments, the Court finds that the Defendants' Motion [ECF No. 77] is **GRANTED in part and DENIED in part**.

### I.    BACKGROUND

The Plaintiff is a Delaware limited liability company with a principal place of business in New York. (ECF No. 15 at 3.) The Plaintiff is engaged in the business of designing, sourcing and marketing consumer electronics for purchase through e-commerce platforms. (*Id.*) Included in its business offerings are illuminating portable mirrors to which they are the licensee of the mirrors' patent, United States Patent No. 9,198,261 (the "261 Patent"), issued on November 24, 2015. (*Id.*) The Plaintiff alleges that the Defendants have offered for sale and sold unauthorized and unlicensed mirrors that are configured to mount to a car visor, which infringes upon the Plaintiff's patent. (*Id.*) The products are sold through various commercial Internet stores operating under an

unknown makeup of business entities and individuals that operate e-commerce stores.  (*Id.* at 4.) The Plaintiff asserts that the Defendants reside and/or operate in the People's Republic of China. (*Id.* at 3.)

The Defendants state they operate seller accounts for their products through the Amazon online platform.  (ECF No. 77 at 1.)  The Defendants claim that "Amazon's internal policies require automatic disposal of certain long-stored or inactive inventory...[and] Defendants face imminent and ongoing destruction of their [ ] inventory."  (*Id.* at 2.)  The Defendants declared that on February 2, 2026, Amazon disposed of thousands of their inventory items, with more slated to be disposed of for some Defendants on April 1, 2026, and April 2, 2026.[1]  (*Id.*)  The Defendants allege that they "will suffer irreparable economic loss...and spoliation of physical evidence critical to their defense (e.g., product samples for non-infringement analysis, claim chart comparisons, or quality/authorization demonstrations)," if disposal continues. (*Id.*)

The Plaintiff states that they do "not believe an evidentiary issue exists here, as Defendants do not indicate that the inventory currently held by Amazon constitutes the only inventory of Defendants' goods in existence; existing goods not currently in Amazon's possession would serve the evidentiary purposes outlined by Defendants..." (ECF No. 80 at 2.)  The Plaintiff goes on to argue that there is no detail as to efforts made to preserve the inventory, and the Defendants submitted screenshots which appear to display a click-option to have the inventory returned to the respective sellers/Defendants.  (*Id.*)  The Plaintiff asserts that this issue is not outside the Defendants' control and provides no notice to Amazon regarding an issue between the Defendants and Amazon.  (*Id.*)

---

[1] The Court takes notice that the Defendants did not file the present motion with the Court until after the first date of disposal by Amazon (February 2, 2026), and the motion maintains that only two of the four Defendants have additional items slated for disposal in April 2026.

2

## II.    LEGAL STANDARD

With little to no legal authority provided by either party in their motion submissions, this Court finds each motion to be nothing more than propaganda.  The Court prefers to rely upon the rule of law in aiding its decision-making.

In fact, one of the most basic places to begin is the Federal Rules of Civil Procedure which provides safeguards during the discovery phase for all parties.  The Rules even discuss tricky situations like how to compel non-parties.  *See* Fed. R. Civ. P. 26, 34, and 45.  "To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists."  *Legacy of Life, Inc. v. American Donor Services, Inc.*, No. 06-0802, 2006 WL 8435984, *2, (W.D. Tex. Sept. 21, 2006) (quoting *Hester v. Bayer Corp.*, 206 F.R.D. 683, 685 (M.D. Ala. 2001)) (additional citations omitted).

Courts have an inherent power to issue orders to preserve evidence.  *Pueblo of Laguna v. United States*, 60 Fed. C1. 133, 138 (2004).  Nonetheless, courts must employ restraint and discretion when effecting their inherent authority.  *See, e.g., Chambers v. Nasco, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132 (1991).  Some courts believe that a preservation order is an injunctive remedy and requires a showing that equitable relief is necessary.  *Legacy of Life*, 2006 WL 8435984, *1 (citations omitted).  An analysis under this approach would require a look at the four-prong test for a preliminary injunction which includes: (1) substantial likelihood of success on the merits; (2) substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; (3) whether the threatened injury outweighs any damage that the injunction might cause defendants; and (4) whether the injunction will disserve the public interest.  *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (citations omitted).

Conversely, some courts have found that the four-prong test for injunctive relief is not appropriate in evaluating preservation of evidence motions. The Court of Federal Claims in *Pueblo of Laguna* reasoned that a preservation order is no more injunctive relief than an order requiring document production or witness identification during discovery, thus courts need not observe the rigorous analysis undertaken for the issuance of an injunction. 60 Fed. Cl. at 138 n.8. Although the Court of Federal Claims formulated their own two-factor analysis, it was criticized by a district court for the Western District of Pennsylvania. The Pennsylvania court, under the *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*. 220 F.R.D. 429, 433 (W.D. Pa. 2004) ("*Capricorn*"), then devised its own three-prong test for preservation orders. Under *Capricorn*, the court considers: (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) capability of an individual entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation. *Id.* at 433-34. The Circuit is quiet as to which analysis to follow— injunction v. the Federal Claims two-prong test v. the *Capricorn* three-prong test. As such, this Court believes the injunction test is not the appropriate means for evaluating preservation orders. This Court has found more support under the *Capricorn* factors and will evaluate the Defendants' present motion for evidence preservation under that analysis. *See, e.g., Deggs v. Fives Bronx, Inc.*, 2020 WL 3100023, *1-4, (M.D. LA June 11, 2020), *Legacy of Life*, 2006 WL 8435984, *1-3.

## III.  ANALYSIS

Applying the *Capricorn* test to this case, the Court finds that a preservation order is justified

in part with regards to the Defendants, Wanmikechuang-US and Vanexiss-US, as these are the only two Defendants that pleaded they will have additional units disposed of by Amazon on April 1, 2026, and/or April 2, 2026. (ECF No. 77 at 2.)

In looking to the first *Capricorn* factor, the Court maintains some level of concern for the continuing existence and integrity of the evidence. Although the Defendants failed to file their present motion prior to the first round of disposal by Amazon on February 2, 2026, the Defendants understandably have a need to preserve some pieces of evidence. The Defendants allege the remaining inventory may be needed for inspection, testing, and demonstrations towards their non-infringement patent arguments. This argument also leads to the consideration of the second *Capricorn* factor as to whether any irreparable harm is likely to result to the party seeking the preservation of evidence. Although the Court finds that some level of preservation is needed to avoid irreparable harm, it is not to the extent that the Defendants request. The Plaintiff argues in their motion that the Defendants have an option for all the pending units with Amazon to be returned to them with the simple click of a button on the Amazon website. (ECF No. 80 at 2.) (citing ECF No. 77-2.) The Defendants have remained silent as to why they could not have their products simply returned to them from Amazon and avoid the economic hardship and irreparable injuries of which they complain. Therefore, in the interest of economical justice, the Court finds that Amazon shall preserve thirty (30) units of each category of goods remaining from the Defendants Wanmikechuang-US's and Vanexiss-US's inventory currently held at Amazon and slated for disposal on April 1, 2026, and/or April 2, 2026. This consideration leads to the third *Capricorn* factor as to the capability of an individual entity to maintain the evidence sought to be preserved, but also the physical, spatial and financial burdens created by ordering evidence preservation. With the vast warehouses under Amazon's control, holding 30 units of merchandise

5

for each category of goods maintained by the Defendants Wanmikechuang-US and Vanexiss-US for evidence preservation should not create a spatial or financial burden to Amazon. They previously held thousands of units prior to the first disposal on February 2, 2026. Additionally, the Court finds the need for hundreds of the same items to be preserved for possible testing and demonstrations highly unlikely. No party has claimed they are unique in nature or individually different from the hundreds of others in existence. Moreover, the Defendants have the opportunity to click the "return to seller" button to have their inventory returned to them. They may join the millions of people whom on a daily basis await their items to be delivered from Amazon in the box that smiles back.

**IT IS THEREFORE ORDERED** that the Defendants' Expedited Motion to Preserve Inventory [ECF No. 77] is **GRANTED in part and DENIED in part**. **IT IS ORDERED** that thirty (30) units of each category of goods currently held by Amazon for the Defendants/sellers, Wanmikechuang-US and Vanexiss-US, shall be preserved by Amazon as evidence in the present cause of action. Should the Defendants/sellers, Wanmikechuang-US and Vanexiss-US, wish to have their remaining inventory returned to them by Amazon prior to the disposal dates of April 1, 2026, and/or April 2, 2026, they may make arrangements to do so directly with Amazon.

**IT IS FURTHER ORDERED** that the Defendants' Expedited Motion to Preserve Inventory [ECF No. 77] is **DENIED** as to Defendants Youshengus and Vannisi since their inventory units were previously disposed and they make no pleading that Amazon holds additional units for future disposal.

SIGNED and ENTERED on this 24th day of March 2026.

ALIA MOSES
Chief United States District Judge